# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMUEL J. DONAHUE,<br>　　　　Plaintiff | No. 3:13cv7 |
| | (Judge Munley) |
| v. | |
| TOM BURNS and STATE FARM<br>FIRE & CASUALTY COMPANY<br>　　　　Defendants | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court for disposition is defendants' motion to dismiss and strike pursuant to Federal Rule of Civil Procedure 12. (Doc. 4). For the following reasons, the court will grant in part and deny in part defendants' motion.

## **Background**

This case arises from a dispute over a homeowners insurance policy. On March 13, 2011, Plaintiff Samuel J. Donahue (hereinafter "plaintiff") purchased a renewal of his homeowners insurance policy (hereinafter the "policy") from Defendant Tom Burns (hereinafter "Burns")[1] and Defendant State Farm Fire and Casualty Company (hereinafter "State Farm"). (Doc. 4-1, Am. Compl. (hereinafter "A.C.") ¶ 6).

The policy insured plaintiff's home, located at 207 Central Avenue,

---

[1] Defendant Tom Burns is an insurance agent with State Farm. (Doc. 4-1, Am. Compl. ¶ 6).

Athens, Pennsylvania (hereinafter the "property"), and provided coverage for the dwelling, personal property and loss of use subject to a number of exclusions. (Doc. 9-1, Pl.'s Homeowner's Policy at 1-4). The water damage exclusion is at issue in the instant case, and this exclusion essentially removes from coverage any loss resulting from water or sewage overflow or backup.[2] To circumvent this exclusion, State Farm offered, and plaintiff

---

[2] The policy states as follows:

2. We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

    *   *   *

 c. Water Damage, meaning:

  (1) flood, surface water . . . overflow of a body of water . . . all whether driven by wind or not;

  (2) water or sewage from outside the residence premises plumbing system that enters through sewers or drains . . . .

(Doc. 9-1, Pl.'s Homeowners Policy at 4).

2

purchased, a back-up of sewer endorsement on March 13, 2011. (A.C. ¶¶ 6, 10).[3]

On September 8, 2011, a back-up of sewage damaged plaintiff's property. (Id. ¶ 7). Plaintiff filed a claim with State Farm and on October 11, 2011, State Farm mailed a letter to plaintiff denying payment. (Id. ¶ 8). State Farm denied coverage "[b]ecause [plaintiff's] damage was caused by flood waters, which is specifically excluded under the policy . . . ." (Id.)

---

[3] The relevant provisions of the back-up of sewer endorsement state:

> The following is added to SECTION I – ADDITIONAL COVERAGES:
>
> Back-up of Sewer or Drain. We cover the dwelling used as a private residence on the residence premises shown in the Declaration . . . for direct physical loss caused by the back-up of water or sewage, subject to the following:
>
> > a. The back-up must be directly and immediately caused solely by water or sewage:
> >
> > > (1) from outside the residence premises plumbing system that enters through a sewer or drain located inside the interior of the dwelling; or
> > >
> > > (2) which enters into and overflows from within a sump pump, sump pump well, or any other system located inside the interior of the dwelling designated to remove subsurface water drained from the foundation area.

(Doc. 9-1, Pl.'s Homeowners Policy at 5).

On December 5, 2012, plaintiff filed a two-count complaint in the Court of Common Pleas of Bradford County. Count I alleges Burns and State Farm (collectively "defendants") breached the insurance contract. Count II claims defendants acted in bad faith by denying coverage.

Defendants removed the case to this court on January 2, 2013. (Doc. 1). Subsequent to removal, defendants filed a motion under Federal Rule of Civil Procedure 12 to dismiss all claims except plaintiff's breach of contract claim against State Farm. In their Rule 12 motion, defendants also seek to strike plaintiff's request for attorney's fees from Count I. The parties then briefed the issues bringing the case to its present posture.

**Jurisdiction**

The court has jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332. Plaintiff Samuel J. Donahue is a citizen of Pennsylvania. (A.C. ¶ 2). Defendant State Farm is incorporated under the laws of the State of Illinois with its principal place of business in Illinois. (Id. ¶¶ 2, 13-14). Additionally, the amount in controversy exceeds $75,000.[4] Because complete diversity of

---

[4] Where an appropriate claim for punitive damages is made, the amount in controversy requirement is generally met "because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum." Huber v. Taylor, 532 F.3d 237, 244 (3d Cir. 2008) (internal citation, emphasis and quotation marks omitted). Here, plaintiff has made a claim for punitive damages under Count II–bad faith. Thus, the amount in controversy is met because the court cannot find to a legal certainty that the

citizenship exists among the parties and the amount in controversy exceeds $75,000, the court has jurisdiction over the case.[5]  See 28 U.S.C. § 1332 ("district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]");  28 U.S.C. § 1441 (A defendant can generally remove a state court civil action to federal court if the federal court would have had original jurisdiction to address the matter pursuant to the diversity jurisdiction statute).  As a federal court sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case.  Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Standard of Review**

The court tests the sufficiency of the complaint's allegations when

---

value of plaintiff's claims are below the statutory threshold.

[5] The court notes that Defendant Tom Burns, a citizen of Pennsylvania, is a named defendant in the instant action.  Defendants contend that plaintiff's amended complaint fails to state a cause of action against Burns, and that he was joined for the sole purpose of preventing removal.  Joinder is inappropriate "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant . . . ."  Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990), cert. denied, 498 U.S. 1085 (1991).  Here, plaintiff concedes that his causes of action should only proceed against State Farm.  (Doc. 8, Pl.'s Br. in Opp. to Mot. to Dismiss at 1-2). Accordingly, the motion to dismiss Counts I and II against Burns will be granted as unopposed.

considering a Rule 12(b)(6) motion. All well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, "'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.'" Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)). The plaintiff must describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35. In evaluating the sufficiency of a complaint the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted). The court does not have to accept legal conclusions or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

The federal rules require only that plaintiff provide "a short and plain

statement of the claim showing that the pleader is entitled to relief," a standard which "does not require detailed factual allegations," but a plaintiff must make "a showing, rather than a blanket assertion, of entitlement to relief that rises above the speculative level." McTernan v. N.Y.C., 564 F.3d 636, 646 (3d Cir. 2009) (citations and internal quotations and quotation marks omitted). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). Such "facial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips, 515 F.3d at 232 (citation omitted). "Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" DelRio-Mocci v. Connolly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012) (quoting Twombly, 550 U.S. at 555).

The Supreme Court has counseled that a court examining a motion to dismiss should, "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556

U.S. at 679. Next, the court should make a context-specific inquiry into the "factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." Id. at 681.

**Discussion**

Defendants present the court with three issues. First, defendants argue that all claims against Defendant Tom Burns should be dismissed. Second, defendants move to strike plaintiff's demand for attorney's fees in the *ad damnum* clause of Count I–breach of contract. Third, defendants move to dismiss Count II–plaintiff's bad faith claim. Plaintiff agrees to voluntarily withdraw his claims against Burns, but argues that his bad faith claim against State Farm should not be dismissed. We address the issues *in seriatim*.

### A. Defendant Tom Burns

As previously stated, defendants argue that plaintiff's amended complaint fails to state a cause of action for breach of contract and bad faith against Burns. Plaintiff concedes that Burns should be dismissed as a defendant in the instant action. (Doc. 8, Pl.'s Br. in Opp. to Mot. to Dismiss at 1-2). Therefore, Counts I and II against Burns will be dismissed.

### B. Attorney's Fees

Defendants move pursuant to Federal Rule of Civil Procedure 12(f) to strike plaintiff's request for attorneys' fees in the *ad damnum* clause of Count

8

I, breach of contract. The general rule in Pennsylvania is that each party is responsible for his or her own attorneys' fees. Lucchino v. Commonwealth, 809 A.2d 264, 267 (Pa. 2002). This general rule "holds true 'unless there is express statutory authorization, a clear agreement of the parties or some other established exceptions.'" McMullen v. Kutz, 985 A.2d 769, 775 (Pa. 2009) (quoting Mosaica Acad. Charter Sch. v. Commonwealth, 813 A.2d 813, 822 (Pa. 2002)).

In the present case, the underlying insurance policy did not have a clear agreement for attorney's fees. Additionally, attorney's fees are not statutorily permitted in breach of contract actions. Finally, plaintiff has failed to offer any argument substantiating an exception to the general rule precluding attorney's fees. As such, plaintiff's demand for attorney's fees in the *ad damnum* clause of Count I will be stricken.

### C. Bad Faith

Pennsylvania's insurance bad faith statute authorizes recovery for an insurance company's bad faith towards an insured. 42 PA. CONS. STAT. ANN. § 8371. It provides for several remedies upon a finding of bad faith: (1) an award of "interest on the amount of the claim" at a rate equal to "the prime rate of interest plus 3%"; (2) an award of "punitive damages against the insurer"; and/or (3) an assessment of "court costs and attorney fees against

9

the insurer." Id. Pennsylvania courts have adopted the following definition of "bad faith" on the part of an insurer:

> any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (*i.e.*, good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.

Perkins v. State Farm Ins. Co., 589 F. Supp. 2d 559, 562 (M.D. Pa. 2008) (citing Terletsky v. Prudential Property & Casualty Ins. Co., 649 A. 2d 680, 688 (Pa. Super. Ct. 1994); see also Nw. Mut. Life Ins. Co. v. Babayan, 430 F. 3d 121, 137 (3d Cir. 2005) (predicting the Pennsylvania Supreme Court would define "bad faith" according to the definition set forth in Terletsky).

The Third Circuit Court of Appeals has adopted the legal standard established by the Pennsylvania Superior Court for testing the sufficiency of bad faith claims under Section 8371, "both elements of which must be supported with clear and convincing evidence: (1) that the insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis." Klinger v. State Farm Mut. Auto. Ins. Co., 115 F.3d 230, 233 (3d Cir. 1997) (citing Terletsky, 649 A.2d at 688). While this test represents the

general criteria, the Third Circuit has recognized that bad faith conduct extends to "a frivolous or unfounded refusal to pay, lack of investigation into the facts, or a failure to communicate with the insured." Frog, Switch & Mfg. Co., Inc. v. Travelers Ins. Co., 193 F.3d 742, 751 n.9 (3d Cir. 1999).

Here, the court determines that plaintiff has adequately pled a bad faith cause of action. Plaintiff alleges that defendants based their denial on concurrent causes, which are unenforceable according to state law. (A.C. ¶ 19); see also Bishop's, Inc. v. Penn Nat'l Ins., 984 A.2d 982, 992-95 (Pa. Super. Ct. 2009) (finding that concurrent clause exclusion provision are unenforceable in the presence of an affirmative grant of coverage). Read in conjunction with plaintiff's factual averments, these allegations may satisfy the elements of a cause of action under Section 8371. Accordingly, defendants' motion to dismiss plaintiff's bad faith claim will be denied.

**Conclusion**

For the reasons set forth above, defendants' motion to dismiss will be granted in part and denied in part. The motion will be granted as unopposed with respect to plaintiff's breach of contract and bad faith claims against Defendant Tom Burns. The motion will be granted with

respect to striking plaintiff's request for attorney's fees in the *ad damnum* clause of Count I, breach of contract.  Defendants motion to dismiss plaintiff's bad faith claim against Defendant State Farm will be denied.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SAMUEL J. DONAHUE,<br>　　　　Plaintiff | : | No. 3:13cv7 |
| | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| TOM BURNS and STATE FARM<br>FIRE and CASUALTY COMPANY<br>　　　　Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 13th day of May, 2013, Defendant Tom Burns and State Farm's motion to dismiss and strike (Doc. 4) is **GRANTED** in part and **DENIED** in part as follows:

1. All claims against Defendant Tom Burns are **DISMISSED WITH PREJUDICE**;

2. Plaintiff's demand for attorney's fees in Count I is **STRICKEN**; and

3. Defendants motion to dismiss plaintiff's bad faith claim against State Farm in Count II is **DENIED**.

　　　　　　　　　　　　　　**BY THE COURT:**


　　　　　　　　　　　　　　**s/ James M. Munley**
　　　　　　　　　　　　　　**JUDGE JAMES M. MUNLEY**
　　　　　　　　　　　　　　**United States District Court**

13